IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| PENNINGTON PARTNERS, LLC, | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: RDB-11-0972 |
| v. | * | |
| J-WAY LEASING, LLC, | * | |
| Defendant. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

The facts and background of this Admiralty case are not in dispute, and were set forth in this Court's Memorandum Opinion of January 13, 2012, in which this Court confirmed the United States Marshal's sale of Defendant J-Way Leasing, LLC's assorted vessels and marine equipment to satisfy outstanding wharfage fees and related damages owed by Defendant to the Plaintiff Pennington Partners, LLC. *See* Mem. Op., ECF No. 69. On January 12, 2012, this Court held a hearing in which it considered Defendant's motion to set aside a previously entered default judgment. For the reasons stated on the record at the hearing, this Court granted in part Defendant's motion, and set a briefing schedule and hearing date to determine the proper amount of the default judgment.

On February 7, 2012, this Court held a hearing concerning the amount of the default judgment, including damages, attorneys' fees, and costs. At the February 7 hearing, this Court also heard argument concerning the Defendant J-Way Leasing, LLC's motion for stand still order (ECF No. 72), and motion for reconsideration of this Court's Order

confirming the Marshal's sale (ECF No. 76).  For the reasons stated on the record, the motion for stand still order was denied as moot, and the motion for reconsideration was denied.

Regarding the amount of default judgment, this Court generally determined the proper amount of damages, but concluded that the Plaintiff's request for $35,000 in attorneys' fees was excessive insofar as the Defendant had only agreed to pay Plaintiff's attorneys' fees, related costs, and expenses through the time of Defendant's last payment of rentals to Plaintiff, June 3, 2011.  The Court directed the Plaintiff to submit a revised petition for attorneys' fees.  Presently pending is the Plaintiff's Motion for Award of Attorneys' Fees (ECF No. 80), which is brought pursuant to Fed. R. Civ. P. 54(d) and Local Rule 109.2.  That petition, supporting documentation, and the Defendant's response and opposition have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons stated below, Plaintiff's Motion is GRANTED.  By separate Order this Court enters judgment in favor of Pennington Partners, LLC in the total amount of $78,473.57, consisting of $69,579.92 as calculated during the February 7, 2012 hearing, and $8,893.65 in attorneys' fees and costs.

## ANALYSIS

As previously mentioned, at the February 7, 2012 hearing, this Court concluded that the Defendant agreed to pay Plaintiff's attorneys' fees, costs, and expenses through June 3, 2011.  While the plaintiff undoubtedly incurred additional attorneys' fees after that date, this Court determined that there was no meeting of the minds regarding those additional fees,

and that the contract[1] between the parties would only support the imposition of attorneys' fees through June 3, 2011, the date on which the Defendant made its last rental payment to the Plaintiff.

In determining appropriate fee awards, this Court typically conducts a "loadstar" analysis whereby the Court multiplies the reasonable number of hours expended by a reasonable hourly rate.  *See, e.g.*, *Bd. of Educ. of Frederick Cty. v. I.S.*, 358 F. Supp. 2d 462, 465 (D. Md. 2005).  Next, the Court applies a number of factors to determine the reasonableness of that initial number.  *See, e.g.*, *id.*; *First Bankers Corp. v. The Water Witch Fire Co., Inc.*, No. RDB-09-975, 2010 WL 3239361, at *1 (D. Md. Aug. 16, 2010).  In addition, this Court is guided by Appendix B of its own Local Rules, which is entitled "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases."  Appendix B contains specific mandatory rules regarding billing format and time recordation, and articulates guidelines regarding compensable and non-compensable time and hourly rates.

However, in contractual fee-shifting cases, such as the one at bar, this Court has noted that "the lodestar approach is an inappropriate mechanism for calculating fee awards under contractual fee-shifting provisions in disputes between private parties over breaches of contract."  *Roger E. Herst Revocable Trust v. Blinds to Go (U.S.) Inc.*, No. ELH-10-3226, 2011 WL 6444980, at *2 (D. Md. Dec. 20, 2011) (internal quotations and citation omitted).  "This

---

[1]  It must be noted that the rental contract between the parties was oral.  No written contract was ever entered into, and therefore this Court does not have the benefit of examining the terms of a written contract.  However, through testimony elicited at the February 7, 2011 hearing, Mr. Al Johnson, the sole shareholder of the Defendant J-Way Leasing, LLC admitted that he entered into an oral rental contract with the Plaintiff to store vessels and equipment at the Plaintiff's facility.  Moreover, Mr. Johnson admitted that on June 3, 2011, the parties renegotiated the contract.  Specifically, after making a payment to the Plaintiff for outstanding wharfage fees, he agreed to pay the Plaintiff's legal fees up to that point, and agreed to pay a higher rental rate should he continue to store his vessels at the Plaintiff's facility.  Plaintiff now seeks the benefit of that bargain.

is because a contractual fee-shifting provision is designed by the parties, not by the legislature. . . . Thus, it usually serves no larger public purpose than the interests of the parties." *Id.* (internal quotation and citation omitted, ellipsis in original). Further, Appendix B to this Court's Local Rules specifically notes that its rules and guidelines "do not apply to cases in which statutes or *contracts* authorize fees based on a fixed percentage or other formula . . . ." Local Rules, App'x B n.1 (D. Md. 2011) (emphasis added). Therefore, this Court will not utilize the traditional lodestar inquiry, but will instead concentrate on the actual amount of fees incurred by the Plaintiff through June 3, 2011.

As recently noted by the Maryland Court of Special Appeals, under Maryland law[2] the inquiry involves determining the amount of "actual fees incurred, regardless of whether the contract provides for a greater amount." *Suntrust Bank v. Goldman*, 29 A.3d 724, 728 (Md. Ct. Spec. App. 2011). In addition, "[e]ven in the absence of a contract term limiting recovery to reasonable fees, trial courts are required to read such a term into the contract and examine the prevailing party's fee request for reasonableness." *Myers v. Kayhoe*, 892 A.2d 520, 532 (Md. 2006). In other words, "[c]urrent law allows a court to grant only those attorney's fees it finds reasonable." *Suntrust*, 29 A.3d at 730.

---

[2] Insofar as federal admiralty law contains no rule providing for the award of attorneys' fees in breach of contract cases, under the Supreme Court's case of *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321 (1955), analogous state law should control. *See Carney Family Inv. Trust v. Ins. Co. of N. Am.*, 296 F. Supp. 2d 629, 631-32 (D. Md. 2004). As the contract in issue in this case was negotiated in Maryland and involved services to be performed in Maryland, it is Maryland law that governs.

To determine the reasonableness of attorneys' fees, this Court must look to the factors delineated in Rule 1.5(a) of the Maryland Lawyers' Rules of Professional Conduct.[3] *See Suntrust*, 29 A.3d at 730; *Nautical Girl LLC v. Polaris Invs. Ltd.*, No. ELH-10-3564, 2011 WL 6411082, at *1 (D. Md. Dec. 19, 2011).  However, this Court need not evaluate each factor separately, and need not "make explicit findings with respect to Rule 1.5 at all, or even mention Rule 1.5 as long as it utilizes the rule as its guiding principle in determining reasonableness." *Nautical Girl*, 2011 WL 6411082, at *2 (quoting *Suntrust*, 29 A.3d at 730 and *Monmouth Meadows Homeowners Ass'n, Inc. v. Hamilton*, 7 A.3d 1, at 10 n.3).

This Court has thoroughly reviewed the hours billed by Plaintiff's counsel and finds that the expenditure of time was reasonable in light of the Rule 1.5 factors.  The services provided included time spent drafting the complaint, arrest papers, and a variety of tasks relating to the arrest of the Defendant's vessels.  With regard to the hourly rate billed by Plaintiff's counsel, this Court finds that, although on the high-end of the rates set forth in Appendix B of the Local Rules, those rates are nevertheless reasonable.  Plaintiff's counsel are experienced members of the maritime bar, and the rates they charged are not excessive.

---

[3]  Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Md. Lawyers' Rule of Professional Conduct 1.5(a).

Finally, in addition to attorneys' fees, the Plaintiff has requested $628.33 in litigation-related costs and expenses. It is well established that plaintiffs who are deemed entitled to attorneys' fees are also entitled to recover their reasonable litigation-related expenses as part of their overall award. *See Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986). This Court has carefully reviewed Plaintiffs' petition and finds its costs and expenses to be reasonable—with one exception. Plaintiff's request for expenses includes $438.78 in court costs (filing fee of $350 and costs of service of process) which this Court previously included in the default judgment calculation at the February 7, 2012 hearing. Accordingly, those costs will be deducted from the Plaintiff's request for expenses so as not to be duplicative. Therefore, Plaintiff's petition for attorneys' fees will be granted, and Plaintiff is entitled to attorneys' fees in the amount of $8,893.65.

## CONCLUSION

For the reasons stated above, and for the reasons stated on the record at the February 7, 2012 hearing, Plaintiff's Motion for Award of Attorneys' Fees (ECF No. 80) is GRANTED by separate Order. The Court enters judgment in favor of Pennington Partners, LLC in the total amount of $78,473.57, comprised of: (1) $14,127.14 in United States Marshal's insurance; (2) $26,514 in wharfage fees; (3) $28,500 in cleanup related costs; (4) $438.78 in court costs; and (5) $8,893.65 in attorneys' fees.

Dated:        February 17, 2012

                                                           /s/_____
                                                           Richard D. Bennett
                                                           United States District Judge